NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1850
_____

ROBERT M. HENDERSON;
NATALIE HENDERSON; RICHARD H. BARONE,

Appellants

v.

CHARTER OAK FIRE INSURANCE; TRAVELERS INSURANCE, CO.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-12-cv-04363)
District Judge:  Honorable C. Darnell Jones, II
_____

Submitted Under Third Circuit LAR 34.1(a)
June 2, 2015

Before:  RENDELL, HARDIMAN and VANASKIE, *Circuit Judges*.

(Filed: June 26, 2015)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

This appeal is taken from the District Court's summary judgment in favor of Charter Oak Fire Insurance Company and its parent corporation, Travelers Insurance Company. We will affirm.

I

In October 2010, Robert Henderson and Richard Barone were operating a vehicle owned by Haverford Township, Pennsylvania, when they were struck by another vehicle and seriously injured. At the time, the Township had a commercial automobile policy issued by Charter Oak that included $1 million in primary liability coverage and the statutory minimum of $35,000 in combined single limit uninsured motorist (UM) and underinsured motorist (UIM) coverage. Following the accident, Henderson and Barone submitted claims to Charter Oak for UIM benefits and received $35,000 ($17,500 each).

Unsatisfied with the $35,000 payment, Henderson and Barone claimed they were entitled to UIM benefits equal to the primary liability coverage of $1 million because the Township's 2010-2011 insurance policy application didn't comply with Pennsylvania's Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa. Cons. Stat. § 1701 *et seq.* They filed an action for declaratory relief and damages in the Philadelphia Court of Common Pleas, which Charter Oak and Travelers (Insurers) removed to the United States District Court for the Eastern District of Pennsylvania. Both sides moved for summary judgment, and the District Court granted the Insurers' motion. Henderson and Barone

2

filed this appeal.[1]

## II

We exercise plenary review over the District Court's summary judgment and apply the same standard it applied. *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014). In doing so, we review the record in the light most favorable to the nonmovant, *id.*, affirming if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law, Fed. R. Civ. P. 56(a).

## III

The question presented is whether the Township violated the MVFRL when it selected the minimum limit of UIM coverage, *i.e.*, $35,000. We hold that it did not.

## A

Under the MVFRL, insurers must offer UM and UIM coverage equal to bodily injury liability limits (here, $1 million). *See* 75 Pa. Cons. Stat. §§ 1731(a), 1734. This does not mean, however, that insureds are obliged to purchase such coverage. In fact, they can forego UM/UIM coverage entirely, *id.* § 1731(a), or they can select in writing UM/UIM coverage lower than the bodily injury liability limits, but not less than the minimum limit required by statute ($35,000), *id.* § 1734.

---

[1] The District Court had diversity jurisdiction under 28 U.S.C. § 1332, and we have jurisdiction under 28 U.S.C. § 1291. Henderson's wife, Natalie Henderson, is also an Appellant.

3

In this case, the record shows that 2002-2003 was the last year the Township purchased $1 million in both liability coverage and UM/UIM coverage. Thereafter, the Township continued to purchase $1 million in liability coverage but reduced its UM/UIM coverage to $35,000. That includes 2008-2009, when the Township submitted a supplementary application stating that it "may purchase [UM/UIM coverage] with limits equal to your Bodily Injury Liability Limits or select lower limits, but not less than the minimum limits required by statute ($15,000 each person/$30,000 each accident; or $35,000 each accident, combined single limit[).]" The application was signed by the Township's manager and contained a handwritten "$35,000" next to a circle indicating that the Township had selected both UM and UIM coverage at the "minimum limits." The Township's manager testified that it continued to make this selection "[i]n every succeeding year," including 2010-2011, the year of the accident.

B

Appellants concede that the 2008-2009 application complied with the MVFRL's requirements and reduced the Township's UM/UIM coverage to $35,000. Nevertheless, they argue that the 2010-2011 supplementary application is the only one that matters here, and that it didn't comply with the MVFRL. For the election of the minimum limit of $35,000 to be valid, Appellants argue, "(1) the named insured must *sign* the request for lower limits; and (2) the named insured must *expressly designate* the amount of [UM/UIM] coverage being elected." Br. of Appellants 17 (emphasis in original) (citing

4

*Lewis v. Erie Ins. Exch.*, 793 A.2d 143 (Pa. 2002), and *Orsag v. Farmers New Century Ins.*, 15 A.3d 896 (Pa. 2011)). Because the Township in the 2010-2011 application never expressly designated the amount of UM/UIM coverage to be $35,000, they say, the amount must be reformed to the default limit of $1 million. We disagree.

First and foremost, the 2008-2009 application explicitly states that "[t]he coverage rejections or selections indicated by you on this application . . . will apply to all future renewal policies until you notify the Company IN WRITING of any changes." App. 278 (emphasis in original). Appellants admit that the 2008-2009 application was valid; the Township renewed the policy every year and never altered its election of reduced limits; and so it follows that the terms of the 2008-2009 policy were still in effect at the time of the 2010 accident.

Second, even considering the 2010-2011 application on its own terms, we hold that it is valid under the MVFRL because it conveyed the Township's intent to purchase the statutory minimum limit of $35,000 in UM/UIM coverage. The 2010-2011 application contains a subsection instructing the Township to "make selection below only if you wish to select Underinsured Motorists Coverage at limits lower than your policy Bodily Injury Liability Limits." App. 126 (emphasis in original). Immediately below, the Township marked an "X" in a box labeled "Underinsured Motorists Coverage at the minimum limits" and the Township's manager signed the bottom of that page. App. 126. As in the 2008-2009 application, the 2010-2011 application clearly defines the term "minimum

5

limits" as "$15,000 each person/$30,000 each accident; or $35,000 each accident, combined single limit[.]" App. 123. In addition, the District Court found that the Township paid premiums for $35,000 in UIM coverage.

Appellants contend this isn't enough. They believe that under § 1734 of the MVFRL, the Township had to expressly designate that it had selected the amount of $35,000 in UIM coverage. But while the Pennsylvania Supreme Court has noted that "[c]learly, the most effective manner in which to 'expressly designate' the amount of coverage requested is by electing a specific dollar amount," *Orsag*, 15 A.3d at 901 (citing *Lewis*, 793 A.2d at 153), doing so isn't required. Accordingly, we hold that the 2010-2011 application complied with the MVFRL and that, viewed as a whole, it clearly shows the Township's intent to purchase the statutory minimum limit of $35,000 in UIM coverage. *See Hartford Ins. Co. v. O'Mara*, 907 A.2d 589, 603 (Pa. Super. Ct. 2006) (holding that the application "viewed as a whole" indicated the insured's decision to select UM/UIM coverage lower than her liability limits).

\* \* \*

The order of the District Court will be affirmed.